**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> SHORETEL, INC., <br><br> *Defendant*. | Civil Action No. 6:11-cv-01842-CEH-DAB <br><br> JURY TRIAL DEMANDED |

## DEFENDANT SHORETEL, INC.'S MOTION TO TRANSFER

Dated:  March 26, 2012

PETERSON & MYERS, P.A.

Stephen R. Senn
Florida State Bar No. 0833878
PO Box 24628
Lakeland, FL 33802
Telephone: 863-683-6511
Fax: 863-682-8031
Email: ssenn@petersonmyers.com

FISH & RICHARDSON P.C.

Christopher O. Green (admitted *pro hac vice*)
Georgia State Bar No. 037617
Jack P. Smith III (admitted *pro hac vice*)
Georgia State Bar No. 659999
Jacqueline Tio (admitted *pro hac vice*)
Georgia State Bar No. 940367
1180 Peachtree St., NE, 21st Fl.
Atlanta, GA 30309

Ruffin B. Cordell (admitted *pro hac vice*)
Texas State Bar No. 04820550
1425 K Street, N.W., Suite 1100
Washington, D.C. 20005

**ATTORNEYS FOR DEFENDANT**
**SHORETEL, INC.**

## TABLE OF CONTENTS

I.      INTRODUCTION .......................................................................................................1

II.     BACKGROUND ........................................................................................................2

        A.      The Parties .....................................................................................................2

        B.      Brandywine's Complaint and the Accused Products............................................2

III.    LEGAL STANDARD................................................................................................3

IV.     ARGUMENT ............................................................................................................6

        A.      Brandywine Could Have Filed this Case in the Northern District
                of California. ...................................................................................................6

        B.      The Private Interest Factors Weigh Heavily in Favor of
                Transfer. .........................................................................................................7

                1.      The convenience of the parties favors transfer. ........................................7

                2.      The convenience of the witnesses and the availability of
                        process to compel attendance of unwilling witnesses
                        favor transfer...........................................................................................8

                3.      The location of relevant documents and sources of proof
                        favors transfer. .......................................................................................10

                4.      The parties' relative means favor transfer. ...............................................11

        C.      The Public Interest Factors Weigh in Favor of Transfer or Are
                Neutral..............................................................................................................12

                1.      The locus of operative facts, trial efficiency and the
                        interests of justice favor transfer...............................................................13

                2.      Familiarity with patent law is a neutral factor. ........................................14

                3.      Brandywine's choice of forum should be given no
                        weight........................................................................................................14

                4.      Transfer is consistent with judicial economy...........................................15

V.      CONCLUSION...........................................................................................................16

# TABLE OF AUTHORITIES

**CASES**

*Aldana v. Del Monte Fresh Produce N.A., Inc.*,
    578 F.3d 1283 (11th Cir. 2009) ..................................................................12

*Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*,
    55 F. Supp. 2d 1347 (M.D. Fla. 1999) ........................................................8

*Brandywine Communications Technologies, LLC v. Cisco Sys. Inc.*
    ("*Cisco*"), No. 6:11-cv-01843-CEH-DAB, Dkt. No. 42 (M.D. Fla. Mar. 26, 2012).........1, 8, 9

*Cellularvision Tech. & Telecomm., LP v. Alltel Corp.*,
    508 F. Supp. 2d 1186 (S.D. Fla. 2007) ......................................................14

*Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pennsylvania*,
    ___ F. Supp. 2d ___, 2012 WL 137865 (N.D. Ga. Jan. 18, 2012) ............................4

*Garay v. BRK Elecs.*,
    755 F. Supp. 1010 (M.D. Fla. 1991) ..........................................................14

*Geltech Solutions, Inc. v. Marteal, Inc.*,
    No. 09-CV-81027, 2010 WL 1791423 (S.D. Fla. May 5, 2010)........................7, 12

*Heath v. Hard Rock Cafe Int'l (STP), Inc.*,
    2011 U.S. Dist. LEXIS 42868 (M.D. Fla. Mar. 8, 2011) .......................................10

*In re Acer Am. Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010)...........................................................5, 8

*In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*,
    293 F. Supp. 2d 1381 (J.P.M.L. 2003)........................................................16

*Genentech, Inc. v. Biogen Idec, Inc.*,
    566 F.3d 1328 (Fed. Cir. 2009)....................................................5, 7, 10, 14

*In re Hoffmann-La Roche*,
    587 F.3d 1333 (Fed. Cir. 2009).............................................................5, 14

*In re Morgan Stanley*,
    Nos. 962, 964, 2011 WL 1338830 (Fed. Cir. Apr. 6, 2011)................................6, 15

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009)..........................................................4, 5, 7, 8

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)..........................................................4, 5, 13

*In re Verizon Bus. Network Servs., Inc.*,
   635 F.3d 559 (Fed. Cir. 2011) ................................................................................6, 15

*In re Vistaprint Ltd.*,
   628 F.3d 1342 (Fed. Cir. 2010) ..............................................................................6, 15

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (*en banc*) ................................................................4, 14

*In re Volkswagen of Am., Inc.*,
   566 F.3d 1349 (5th Cir. 2009) ....................................................................................15

*In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*,
   254 F. Supp. 2d 1368 (J.P.M.L. 2003) ........................................................................16

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. 2010) ..............................................................................5, 15

*Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*,
   530 F.3d 1339 (11th Cir. 2008) ..............................................................................7, 12

*Manuel v. Convergys Corp.*,
   430 F.3d 1132 (11th Cir. 2005) ....................................................................................4

*Orinda Intellectual Props. USA Holding Group, Inc. v. Sony Corp.*,
   No. 2:08-cv-323-TJW-CE, 2009 WL 3261932 (E.D. Tex. Sept. 29, 2009) ...........................13

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ......................................................................................................4

*Proven Winners N. Am., LLC v. Cascade Greenhouse*,
   No. 2:06-cv-428-FTM-DNF, 2007 WL 1655387 (M.D. Fla. Jun. 6, 2007) ...........................14

*Response Reward Sys., L.C. v. Meijer, Inc.*,
   189 F. Supp. 2d. 1332 (M.D. Fla. 2002) ........................................................................7

*Suomen Colorize Oy v. DISH Network LLC*,
   801 F. Supp. 2d 1334  (M.D. Fla. 2011) ..............................................................4, 8, 14

*Tazoe v. Airbus S.A.S.*,
   631 F.3d 1321 (11th Cir. 2011) ..................................................................................10

*Tingley Sys., Inc. v. Bay State HMO Mgm't*,
   833 F. Supp. 882 (M.D. Fla. 1993) ..............................................................................6

*Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*,
   761 F. Supp. 2d 1322 (M.D. Fla. 2010) ........................................................................10

*Van Dusen v. Barrack,*
   376 U.S. 612 (1964) ..........................................................................................4

**STATUTES**

28 U.S.C. § 1391(a), (c) ........................................................................................7

28 U.S.C. § 1400(b) ...............................................................................................7

28 U.S.C. § 1404(a) ....................................................................................... passim

28 U.S.C. § 1407 ............................................................................................1, 16

35 U.S.C. § 299 ..........................................................................................1, 9, 15

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 45(b)(2) .........................................................10

## I.    INTRODUCTION[1]

This case has no relevant connection to the Middle District of Florida, and transfer is appropriate.  The Plaintiff, Brandywine Communications Technologies, LLC, is based in Pennsylvania.  The Defendant, ShoreTel Inc. is headquartered in Sunnyvale, California, which is where the accused products were developed and are managed.  Thus, the relevant ShoreTel witnesses—*i.e.*, the engineers and product managers with knowledge of the operation and functions of the accused products, and the sales, marketing, and financial executives for the products—are all based in Sunnyvale.  Likewise, the named inventors of the patent-in-suit and the patent's prosecuting attorney appear to reside in Northern California.  No party, known relevant witness, or relevant third party is in this district.

Denying transfer will not serve judicial economy.  Although Brandywine states that it plans to move to consolidate this case with others it has filed in this district, that stated intention does not overcome the paramount convenience factors that govern transfer motions.  The America Invents Act ("AIA") confirmed that suing multiple defendants for allegedly infringing the same patent does not involve a common nucleus of operative facts so as to allow joinder.  35 U.S.C. § 299.  Thus, the mere existence of legally unrelated cases in this district cannot justify forcing ShoreTel to litigate in a substantially less convenient forum.  To the extent Brandywine sees potential judicial economy in coordinating cases properly venued in other districts, Brandywine may seek to utilize the Multidistrict Litigation statute.  28 U.S.C. § 1407.

---

[1] During a March 26, 2012 meet-and-confer discussion, Brandywine stated that it would oppose this motion.  Later that day, in light of this case's similarity to Brandywine's case against Cisco Systems, and in light of the Court granting Cisco's transfer motion, counsel for ShoreTel contacted Brandywine's counsel via voicemail and email, asking Brandywine to reconsider its opposition to this motion.  *Brandywine Communications Technologies, LLC v. Cisco Sys. Inc.* ("*Cisco*"), No. 6:11-cv-01843-CEH-DAB, Dkt. No. 42 (M.D. Fla. Mar. 26, 2012).  As of this motion's filing, ShoreTel had not yet received a response.  In the interest of time, ShoreTel proceeded with filing this motion, but ShoreTel nevertheless hopes to reach agreement with Brandywine on transfer if possible.

Absent any relevant connection to this district or cognizable judicial economy concerns, litigating in the Northern District of California is clearly more convenient, and the Court should transfer this case under 28 U.S.C. § 1404(a).

## II.   BACKGROUND

### A.   The Parties

Brandywine is a patent holding company, incorporated in Delaware, with its principal place of business in Villanova, Pennsylvania.  *Cisco*, No. 6:11-cv-01843-CEH-DAB, Dkt. No. 35 at 3 (M.D. Fla. Feb. 21, 2012); *id.* at Dkt. No. 28-1 (Ex. B).  To ShoreTel's knowledge, Brandywine has no products.  Nor has Brandywine disclosed the existence of any employees, let alone employees with knowledge relevant to this case.

ShoreTel is a Delaware corporation with its principal place of business in Sunnyvale, California (within the Northern District of California).  (Dkt. No. 1 ¶ 3.)  Based on its award-winning IP business phone system, ShoreTel provides unified communications solutions to enterprises, integrating voice, video, data, and mobile communication.  (Decl. of Michael Healy ¶ 3.)  ShoreTel's Sunnyvale headquarters employs over 300 engineers, sales and marketing executives, and other product support personnel, in addition to the company's management team. (Healy Decl. ¶¶ 2-4.)  Neither ShoreTel nor its accused products have any relevant connection to this District.

### B.   Brandywine's Complaint and the Accused Products

As this Court is aware, Brandywine has deluged this District with at least three dozen suits in the last several months, including ten cases alleging infringement of U.S. Patent No. 5,881,142 ("the '142 patent").  Brandywine filed its Complaint in this case on November 18, 2011, alleging that ShoreTel infringes the '142 patent and that ShoreTel contributes to and induces others' infringement.  ShoreTel is the only defendant in this case.  ShoreTel answered

- 2 -

the Complaint on January 26, 2012, denying infringement and asserting that the '142 patent is invalid. (Dkt. No. 21.) Notably, ShoreTel's Answer and Counterclaims alleged that venue in this district is inappropriate under 28 U.S.C. § 1404(a)." (*Id.* at ¶ 7.)

Brandywine accuses the following ShoreTel products of infringement: "ShoreTel[']s IP phone system products including ShoreTel Core Software and ShoreTel Voice Switch 220Tl, ShoreTel Voice Switch 220T1A, ShoreTel Voice Switch 220El, ShoreTel Voice Switch 120, and ShoreTel Voice Switch 90BRIV." (Dkt. No. 1 ¶ 11.)

Although ShoreTel sells these products nationwide, as with all of its products, ShoreTel's accused products are developed and managed out of its Sunnyvale headquarters. (Healy Decl. ¶¶ 5-6.) Naturally, therefore, all of the relevant ShoreTel employees that ShoreTel expects to identify in its initial disclosures as likely to have relevant information work in Sunnyvale. Specifically, ShoreTel's likely witnesses include Pedro Rump, ShoreTel's Senior Vice President of Engineering and Operations, and Michael Healy, ShoreTel's Chief Financial officer. (*Id.* at ¶¶ 7-8.) Should the parties need testimony from additional ShoreTel employees, any others with relevant knowledge are also located in Sunnyvale. (*Id.* at ¶ 9.) Likewise, ShoreTel's relevant documents concerning the accused products (in not all such documents) are stored electronically on computer servers in Sunnyvale. (*Id.* at ¶ 10.)

Put simply, ShoreTel, Brandywine, and their dispute have no relevant connection to this district. As a result, the Northern District of California is a clearly more convenient forum, and remaining in this Court will not serve judicial economy.

## III.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See* 28 U.S.C. § 1404(a). Transfers under § 1404 prevent "waste of time, energy, and money,

and also protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Suomen Colorize Oy v. DISH Network LLC*, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  The Court must balance (a) the litigants' private interests, and (b) the public's interest in the fair and efficient administration of justice.  *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pennsylvania*, ___ F. Supp. 2d ___, 2012 WL 137865, at *4 (N.D. Ga. Jan. 18, 2012).  Summarizing these private and public factors, the Eleventh Circuit has explained that the Court should consider:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp*., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Where the parties, witnesses, and evidence have little or no connection to the district, transfer to a more convenient venue is the only appropriate result, as confirmed by several recent Federal Circuit cases applying similar factors from Fifth Circuit precedent to patent infringement cases.[2]  For example, in *In re Nintendo Co.*, the Federal Circuit granted a writ of mandamus, ordering transfer where "most witnesses and evidence [were] closer to the transferee venue [and]

---

[2] In recent years, the Federal Circuit has applied in a number of instances the Fifth Circuit's transfer factors, which are highly similar to those in the Eleventh Circuit:  "The 'private' interest factors include:  (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive.  The 'public' interest factors to be considered are:  '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law.'"  *In re TS Tech USA Corp*., 551 F.3d 1315, 1319 (Fed. Cir. 2008) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981); quoting *In re Volkswagen of Am., Inc*., 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*)).

few or no convenience factors favor[ed] the venue chosen by the Plaintiff . . . ."  589 F.3d 1194,

1198 (Fed. Cir. 2009).  None of the identified key witnesses lived in district where the case was

filed, and no relevant documents or other evidence were located there.  *Id*. at 1199.  Under

similar circumstances, the Federal Circuit also ordered transfer in *In re TS Tech USA Corp.*

where there was "no relevant connection" to the plaintiff's chosen venue, other than the sale of

accused products in the district.  551 F.3d at 1321.  Again, in *Genentech Inc. v. Biogen Idec Inc.*,

the Federal Circuit mandated transfer, where two of the three parties were located in the

transferee state, ten relevant witnesses were in the transferee district, and additional witnesses

were in the transferee state.  566 F.3d 1338, 1348 (Fed. Cir. 2009).  No relevant witnesses or

parties were located in the plaintiff's chosen district; nor were any witnesses subject to

compulsory process there.  *Id.*; *see also In re Hoffmann-La Roche*, 587 F.3d 1333, 1335-36 (Fed.

Cir. 2009) (compelling transfer where one of three parties, four of eighteen non-party witnesses,

and three of seven party witnesses were located in the transferee forum); *In re Acer Am. Corp.*,

626 F.3d 1252, 1254-56 (Fed. Cir. 2010) (ordering transfer to N.D. Cal. where five of twelve

defendants were headquartered in Northern California, along with a substantial number of party

witnesses).

 Importantly, the existence of co-pending actions in the plaintiff's chosen forum cannot

prevent transfer, where another venue is otherwise more convenient.  *In re Zimmer Holdings,*

*Inc.*, 609 F.3d 1378, 1379-82 (Fed. Cir. 2010).  In *In re Zimmer Holdings, Inc.*, the Federal

Circuit granted a writ of mandamus ordering transfer, even though the plaintiff had another

ongoing patent suit in the same district court involving the "same patent, same plaintiff, and

similar technology."  *Id.* at 1380.  Despite the potential judicial economy provided by that

overlap, the Federal Circuit rejected that a co-pending suit against different accused infringers

could override an otherwise compelling showing in favor of transfer. *Id.* at 1382 ("[W]e cannot say this [co-pending case] negates the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor.").

Even where the plaintiff's chosen court has past claim construction experience with the patent-in-suit, transfer is required if another forum is substantially more convenient. *In re Verizon Bus. Network Servs., Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011) (granting mandamus petition in favor of transfer even where plaintiff's chosen court had previously construed certain of the patent claims at issue) (quoting *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 n.3 (Fed. Cir. 2010) ("Our holding today does not mean that, once a patent is litigated in a particular venue the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that venue.")); *In re Morgan Stanley*, Nos. 962, 964, 967, 2011 WL 1338830, at *2 (Fed. Cir. Apr. 6, 2011) (noting that "the proper administration of justice may be to transfer to the far more convenient venue even when the trial court has some familiarity with a matter from prior litigation").

## IV.    ARGUMENT

Transfer is appropriate.  Brandywine could have filed suit in the Northern District of California, the relevant convenience factors weigh strongly in favor of transfer, and denying transfer would not serve judicial economy.

### A.    Brandywine Could Have Filed this Case in the Northern District of California.

The threshold determination for a Section 1404(a) transfer analysis is whether the action could have been filed in the judicial district to which transfer is sought. *Tingley Sys., Inc. v. Bay State HMO Mgm't*, 833 F. Supp. 882, 885 (M.D. Fla. 1993).  "Any civil action for patent

infringement may be brought in the judicial district where the defendant resides . . . ."  28 U.S.C.

§ 1400(b).

That Brandywine could have sued ShoreTel in the Northern District of California—the

location of ShoreTel's principal place of business—is indisputable.  The Northern District of

California has personal jurisdiction over ShoreTel, and venue over this dispute therefore lies in

that district.  *See* 28 U.S.C. § 1391(a), (c).  Thus, because ShoreTel is the only defendant,

Brandywine plainly could have brought this suit in the Northern District of California.

### B.     The Private Interest Factors Weigh Heavily in Favor of Transfer.

"Private interest factors are those reasons for transfer related to the parties themselves:

ease of access to documents and other real evidence, access to witnesses, and other burdens and

costs with which each party will be faced if transfer is or is not granted."  *Geltech Solutions, Inc.*

*v. Marteal, Inc.*, No. 09-CV-81027, 2010 WL 1791423, at *7 (S.D. Fla. May 5, 2010) (citing

*Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1356-57 (11th Cir.

2008).  These factors overwhelmingly favor transfer.

#### 1.     The convenience of the parties favors transfer.

Neither ShoreTel nor Brandywine are located in the Middle District of Florida, and the

overwhelming majority of the evidence in this case will originate from ShoreTel's headquarters

in the Northern District of California.  Transfer is warranted where most sources of proof of

alleged infringement are located or would be more conveniently located in the transferee forum.

*In re Nintendo Co.*, 589 F.3d at 1198.  "In patent infringement cases, the bulk of the relevant

evidence usually comes from the accused infringer."  *Genentech*, 566 F.3d at 1345.

The burden and expense on ShoreTel to transport witnesses to trial in the Middle District

of Florida renders this an inconvenient forum.  *See Response Reward Sys., L.C. v. Meijer, Inc.*,

189 F. Supp. 2d 1332, 1340 (M.D. Fla. 2002) ("If the case were to remain in Florida, there

would be a greater burden to Defendant than to Plaintiff because Defendant would bear the expense of sending many employee-witnesses to the trial.  The expenses would not only include the cost of travel, but also the costs of disrupting its business for the duration of the trial.").  Transfer analysis must weigh the travel burden and disruption to work and family for the people who must come to trial, most of which are in Northern California.  *Nintendo Co.,* 589 F.3d at 1198-99; *In re Acer Am. Corp.*, 626 F.3d at 1255 (ordering transfer where a "substantial number of party witnesses, [and] the inventor and prosecuting attorneys, reside in or close to the Northern District of California.").  Without question, the cost and burden of attendance at trial for both party and nonparty witnesses would be substantially minimized by transfer to the Northern District of California.

> 2.   *The convenience of the witnesses and the availability of process to compel attendance of unwilling witnesses favor transfer.*

"The Middle District of Florida 'gives great weight to the convenience of the parties and witnesses.'"  *Suomen Colorize Oy*, 801 F. Supp. 2d at 1337 (quoting *Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1352 (M.D. Fla. 1999)).  Here, all of ShoreTel's identified witnesses are located in Sunnyvale, California.  (Healy Decl. ¶¶ 7-9.)  Because all of the accused products are designed, developed, and managed in Sunnyvale, any additional witnesses with relevant knowledge will also be located there.  (*Id.* at ¶¶ 9.)

All of the known, relevant third-party witnesses also appear to reside in the Northern District of California.  The inventors of the patent-in-suit are listed on the face of the patent as hailing from the Northern District of California, and each of them still appear to live in that district.  (Dkt. No. 1 at Ex. A); *Cisco*, No. 6:11-cv-01843-CEH-DAB, Dkt. No. 28-1, Dotson Decl. ¶¶ 4-10, 13.  Similarly, prosecution counsel for the '142 Patent, Thomas B. Haverstock,

works at Haverstock & Owens LLP in the Northern District of California.  *Cisco*, No. 6:11-cv-01843-CEH-DAB, Dkt. No. 28-1, Dotson Decl. at ¶¶ 11-13.

Facing transfer in other cases, Brandywine has not identified a single relevant witness in this District.  Opposing Cisco Systems' transfer motion, Brandywine pointed to Mr. Gordon Bremer of Largo, Florida.  *Cisco*, No. 6:11-cv-01843-CEH-DAB, Dkt. No. 35 at 3-4.  However, Brandywine failed to establish that Mr. Bremer has any relevance to the issues that will be in dispute here.  According to Brandywine, Mr. Bremer has an "ownership interest" in Brandywine, and Brandywine claims that he possesses "certain of the patent records for the '142 patent." *Cisco*, No. 6:11-cv-01843-CEH-DAB, Dkt. No. 35-22, Bremer Decl. ¶¶ 1, 8.  That one may be a shareholder in a company asserting patent infringement hardly qualifies as being likely to possess relevant information in that infringement suit.  And, Brandywine does not explain what specific documents Mr. Bremer possesses or how they could be relevant this case.  Mr. Bremer is not an inventor of the '142 patent, and he was not involved in the prosecution of the patent. Indeed, "patent records" may even describe the publicly-available patent prosecution file history, meaning Mr. Bremer's documents are unnecessary and duplicative of those in the public domain.

Brandywine has also argued that transfer will force third party witnesses to testify twice—once in California, once in Florida.  *Cisco*, No, 6:11-CV-01843-CED-DAB, Dkt. No. 35 at 5-6 (M.D. Fla. Feb. 21, 2012).  Brandywine is incorrect for at least two reasons.  First, the only identified, relevant third party witnesses reside in the Northern District of California, meaning they could not be compelled to testify a second time in this Court.  Second, even if the Court denies transfer, any local or willing third-party witness will have to testify multiple times in this district, because 35 U.S.C. § 299 precludes joinder for trial under these circumstances.

Thus, transfer will not lead to any more testimony for third party witnesses than will remaining in this district.

Because no material witness resides in this district, and the vast majority of party and third-party witnesses reside in the Northern District of California, these facts overwhelmingly favor transfer. *See In re Genentech*, 566 F.3d at 1345 ("Because a substantial number of material witnesses reside within the transferee venue and the State of California, and no witnesses reside in [plaintiff's chosen forum], the district court clearly erred in not determining this factor to weigh substantially in favor of transfer."). Likewise, these facts favor transfer because the Northern District of California could compel the attendance of the relevant third-party witnesses, while the Middle District of Florida could not. *Heath v. Hard Rock Cafe Int'l (STP), Inc*., 2011 U.S. Dist. LEXIS 42868 (M.D. Fla. Mar. 8, 2011) ("[T]o the extent that any unwilling witnesses would be associated with the locus of the events in Connecticut, they would be subject to subpoena from the Court in Connecticut pursuant to Federal Rule of Civil Procedure 45(b)(2). Accordingly, this factor weighs in favor of transfer to Connecticut."); *see also Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1332 (11th Cir. 2011) ("Because the Southern District of Florida lacks 'a compulsory process for the attendance of [these] unwilling . . . witnesses' . . . , this factor also favors dismissal.").

   3. *The location of relevant documents and sources of proof favors transfer.*

"This factor examines the location of sources of documentary proof and other tangible materials, and the ease with which the parties can transport them to trial." *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.,* 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010). Because the accused products are developed and managed in Sunnyvale, all necessary ShoreTel documents are likewise stored there. (Healy Decl. ¶¶ 5, 10); *In re Genentech,* 566 F.3d at 1345

("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.").

Apart from the unspecified "patent records" in Mr. Bremer's possession, Brandywine has not identified any relevant Brandywine documents in this district (or anywhere else).  Because Brandywine is based in Pennsylvania, most relevant documents are presumably there—which hardly supports litigating in Florida.

Any relevant third-party documents are also likely to be in Northern California.  Because the patent's inventors and prosecution counsel are in Northern California, invention records, contemporaneous correspondence, and prosecution files are all likely to be in Northern California as well.  And, because Silicon Valley is a known epicenter of technology development, a strong likelihood exists that prior art documents on which ShoreTel will rely to prove its invalidity defense will also be located in Northern California.[3]

        4.        *The parties' relative means favor transfer.*

ShoreTel is a company of relatively modest means as compared to some of Brandywine's other defendants.  Although ShoreTel recognized over $200 million in revenue in its most recent fiscal year, ShoreTel's costs and operating expenses outpaced that revenue, leading to an annual loss of over $10 million.  Indeed, ShoreTel has operated at a loss for each of the last four years. (Healy Decl. ¶ 11 & Ex. A, ShoreTel 2011 10-K at 31.)  Plainly, ShoreTel does not have abundant resources, and its employees are consumed with its business objective—providing enterprises with unified communications solutions.  Forcing ShoreTel's employees to travel to

---

[3] For the same reasons, prior art inventors are also more likely to be found in the Northern District of California, meaning transfer will allow for their live testimony at trial via compulsory process.

the Middle District of Florida for trial could therefore negatively impact ShoreTel's business performance.

However, for Brandywine, venue in the Northern District of California should not pose a significantly greater financial burden than litigating in this Court. Brandywine's financial performance is not known to Shoretel, but Brandywine is a Delaware company headquartered in Pennsylvania with Texas counsel, whose sole business appears to be for-profit patent litigation. Thus, Brandywine has already chosen to litigate far from home, and its employees (if any) and lawyers will have to travel out of their home states regardless of whether this case is venued in the Middle District of Florida or the Northern District of California. Furthermore, travel for purposes of patent litigation will have no deleterious impact on Brandywine's business—that is Brandywine's business.

Thus, the parties' relative means favor transfer.

### C. The Public Interest Factors Weigh in Favor of Transfer or Are Neutral.

"Public interest factors are those reasons related to the forum: the familiarity of the court with the applicable law, the connection with the chosen forum (in order to avoid juries having to hear cases which are wholly unrelated to local interests), and a host of other factors relating to judicial efficiency." *Geltech Solutions,* No. 09-CV-81027, 2010 WL 1791423, at *7 (citing *Liquidation Comm'n of Banco Intercontinental*, 530 F.3d at 1356-57, and *Aldana v. Del Monte Fresh Produce N.A., Inc*., 578 F.3d 1283, 1298 (11th Cir. 2009)). "Public interest factors may only be considered if the private factors are even or neutral." *Id.* Thus, because the private factors strongly favor transfer, these factors should not be relevant. Nevertheless, these public factors also weigh in favor of transfer or are neutral.

1.   *The locus of operative facts, trial efficiency and the interests of justice favor transfer.*

The Middle District of Florida's interest in deciding the present conflict arising under federal patent laws is far less than the Northern District of California's.  The only realistic connection between this case and this district is Brandywine's conclusory allegation, on information and belief, that

> [ShoreTel] has transacted business in this judicial district directly or indirectly and has committed, contributed to, and/or induced acts of patent infringement in this judicial district including, among other things, through the sale of infringing products and/or products that perform infringing processes directly, or through retailers or other businesses located in Florida and this judicial jurisdiction.

(Dkt. No. 1 ¶ 6.)

But, the Federal Circuit has rejected that alleged local sales of accused products can weigh against transfer where the accused products are sold in many other districts across the country, as well as in the plaintiff's chosen forum.  *In re TS Tech USA Corp.*, 551 F.3d at 1321; s*ee also Orinda Intellectual Props. USA Holding Group, Inc. v. Sony Corp.*, No. 2:08-cv-323-TJW-CE, 2009 WL 3261932, at *3 (E.D. Tex. Sept. 29, 2009) ("Interests that could apply virtually to any judicial district or division in the United States such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests." (citations omitted)).

In contrast, the Northern District of California has a substantial local interest in the outcome of this case.  The design, development, and management of the allegedly infringing products took place in the Northern District of California, at ShoreTel's Sunnyvale headquarters.  Likewise, the inventors secured their patent in the same district.  Although residents of this district may have a passing interest in whether products sold here infringe the '142 patent (or whether that patent is valid), this interest is not adequate to tip the scales against transfer as this

rationale "could apply virtually to any judicial district or division in the United States."
*Volkswagen*, 545 F.3d at 318.  Because the Northern District has a far stronger local interest in this case, this factor weighs in favor of transfer.  *In re Hoffmann-La Roche Inc.*, 587 F.3d at 1338 ("[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor.").

Moreover, to the extent any difference exists between the districts in time to trial, such a difference cannot preclude transfer.  *Genentech*, 566 F.3d at 1347 ("[W]hen, as here, several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors").

### 2.     Familiarity with patent law is a neutral factor.

Both this district and the Northern District of California are both well-equipped to adjudicate issues of patent law.

### 3.     Brandywine's choice of forum should be given no weight.

"In patent cases, the preferred forum is the defendant's place of business as that usually constitutes the center of gravity of the alleged patent infringement," meaning "the Court gives plaintiff's choice of forum less weight."  *Proven Winners N. Am., LLC v. Cascade Greenhouse*, No. 2:06-cv-428-FTM-DNF, 2007 WL 1655387, at *2 (M.D. Fla. Jun. 6, 2007); *see also Suomen Colorize*, 801 F. Supp. 2d at 1338 (same).  Similarly, because this district is not Brandywine's home forum, "only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper.'"  *Suomen*, 801 F. Supp. 2d at 1338 (quoting *Cellularvision Tech. & Telecomm., LP v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007); *see also Garay v. BRK Elecs.*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991) (stating "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration").

Thus, Brandywine's choice of forum should carry no weight, as the Northern District of California is the preferred forum for this case.

> ### 4.     Transfer is consistent with judicial economy.

Judicial economy is "a paramount consideration when determining whether a transfer is in the interest of justice."  *In re Volkswagen of Am., Inc.,* 566 F.3d 1349, 1351 (5th Cir. 2009). Under Section 1404(a), a court ruling on a motion to transfer must balance judicial economy against convenience in the specific case.  *See In re Zimmer*, 609 F.3d at 1382.

That Brandywine has filed a plethora of legally unrelated cases in this district cannot overcome the obvious conclusion that the relevant factors strongly favor transfer.  *Id.* at 1379-82 (directing transfer despite related, co-pending related case in this plaintiff's chosen venue); *In re Morgan Stanley*, Nos. 962, 964, 967, 2011 WL 1338830, at *2 (mandating transfer even where district court previously presided over related case); *In re Verizon Bus. Network Servs., Inc.*, 635 F.3d at 562 (ordering transfer despite district court having previously construed patent-in-suit); *cf. In re Vistaprint*, 628 F.3d at 1347 n.3 (rejecting notion that "once a patent is litigated in a particular venue the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that venue").

The America Invents Act establishes that Brandywine's hope to treat all of its cases as a single one is improper.  Under 35 U.S.C. § 299, multiple patent infringement defendants may not be joined in one action where a plaintiff alleges that they each independently infringe the same patent.  The AIA confirms that this case does not share a common transaction or occurrence with any of Brandywine's other suits.  As a result, Brandywine can cite no authority for denying transfer in appropriate circumstances based on the existence of legally unrelated actions in the plaintiff's chosen forum, such as Brandywine's other cases in this district.

If, after this case is transferred to the Northern District of California, Brandywine sees potential judicial economy in coordinating its various cases, Brandywine may seek to utilize the Multidistrict Litigation ("MDL") statute.  28 U.S.C. § 1407.   Under correct circumstances, "for the convenience of parties and witnesses," the MDL panel may assign multiple cases to one court for coordination of discovery and other pre-trial matters, with each case returning to the proper venue for trial.  28 U.S.C. § 1407(a).  In selecting a court to coordinate such cases, the Judicial Panel on Multidistrict Litigation considers among other factors in its selection process the relative convenience of the forum for the parties and witnesses.  *See In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*, 293 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003) (noting the proximity of the transferee district to documents and witnesses); *In re Xcel Energy*, *Inc., Sec., Derivative & "ERISA" Litig.*, 254 F. Supp. 2d 1368, 1370 (J.P.M.L. 2003) (noting that the transferee district was "conveniently located for many . . . witnesses").  In contrast, Brandywine asks the Court to ignore the parties' convenience and keep all of its cases in this district based solely on the sheer number of Brandywine's filings here.  Such a result would improper, and transfer is the appropriate result here.

## V.    CONCLUSION

For the foregoing reasons, ShoreTel respectfully requests that the Court grant its motion and transfer this case to the Northern District of California.

- 16 -

Dated:  March 26, 2012                    PETERSON & MYERS, P.A.


                                          */s/Christopher O. Green*_____
                                          Stephen R. Senn
                                          Florida State Bar No. 0833878
                                          PO Box 24628
                                          Lakeland, FL 33802
                                          Telephone: 863-683-6511
                                          Fax: 863-682-8031
                                          Email: ssenn@petersonmyers.com

                                          FISH & RICHARDSON P.C.

                                          Christopher O. Green (admitted *pro hac vice*)
                                          Georgia State Bar No. 037617
                                          Jack P. Smith III (admitted *pro hac vice*)
                                          Georgia State Bar No. 659999
                                          Jacqueline Tio (admitted *pro hac vice*)
                                          Georgia State Bar No. 940367
                                          1180 Peachtree St., NE, 21st Fl.
                                          Atlanta, GA 30309

                                          Ruffin B. Cordell (admitted *pro hac vice*)
                                          Texas State Bar No. 04820550
                                          1425 K Street, N.W., Suite 1100
                                          Washington, D.C. 20005


                                          **ATTORNEYS FOR DEFENDANT
                                          SHORETEL, INC.**

## CERTIFICATION OF COMPLIANCE WITH L.R. 3.01(g)

Counsel for Defendant ShoreTel Inc. conferred with counsel for Plaintiff Brandywine Communications Technologies, LLC, but the parties were unable to resolve their dispute as to the subject of this motion.

/s/Christopher O. Green
Christopher O. Green

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Christopher O. Green
Christopher O. Green